**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

| | |
|---|---|
| 1. **Debtor's name** | DAVIDsTEA (USA) Inc. |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☑ Federal Employer Identification Number (EIN)   9  9 –0  3  6  7  6  9  6

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:   xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**

PricewaterhouseCoopers Inc.

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

CCAA proceeding before Superior Court of Quebec (Commercial Div.)

5. **Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | DAVIDsTEA (USA) Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

| 9. | **Addresses** | **Country where the debtor has the center of its main interests:** | **Debtor's registered office:** |
|---|---|---|---|

**Country where the debtor has the center of its main interests:**

Canada

**Debtor's registered office:**

5430 Ferrier St.
Number        Street

_____
P.O. Box

Mount-Royal, Quebec          H4P 1M2
City          State/Province/Region          ZIP/Postal Code

Canada
Country

**Individual debtor's habitual residence:**

_____
Number        Street

_____
P.O. Box

_____
City        State/Province/Region        ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

1250 René-Lévesque Blvd. West, #2500
Number        Street

_____
P.O. Box

Montreal, Quebec          H3B 4Y1
City        State/Province/Region        ZIP/Postal Code

Canada
Country

| 10. | **Debtor's website** (URL) | www.davidstea.com |
|---|---|---|

| 11. | **Type of debtor** | *Check one:* |
|---|---|---|

❑ Non-individual (*check one*):

    ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ❑ Partnership

    ❑ Other.  Specify: _____

❑ Individual

Debtor    DAVIDsTEA (USA) Inc._____    Case number *(if known)*_____
              Name

| 12. **Why is venue proper in *this district*?** | Check one: |
|---|---|

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ Claudio Filippone_____    Claudio Filippone for PwC as Monitor
  Signature of foreign representative              Printed name

Executed on    07/08/2020_____
                   MM  / DD / YYYY

✖ _____    _____
  Signature of foreign representative              Printed name

Executed on    _____
                   MM  / DD / YYYY

**14. Signature of attorney**

✖ /s/ Mary F. Caloway_____    Date    07/08/2020_____
  Signature of Attorney for foreign representative        MM   / DD / YYYY

Mary F. Caloway_____
Printed name
Buchanan Ingersoll & Rooney_____
Firm name
919 N. Market Street, Suite 990_____
Number        Street
Wilmington_____    DE        19801____
City                                                          State        ZIP Code

(302) 552-4200_____    mary.caloway@bipc.com_____
Contact phone                                        Email address

3059_____    DE_____
Bar number                                            State

CANADA

PROVINCE OF QUEBEC
DISTRICT OF MONTRÉAL

File: No: 500-11-058440-203

S U P E R I O R   C O U R T
Commercial Division

Montreal, July 8, 2020

Present: The Honourable Chantal Corriveau, J.S.C..

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED:

**DAVIDSTEA INC.**

-and-

**DAVIDSTEA (USA) INC.**

Applicants

-and-

**PRICEWATERHOUSECOOPERS INC.**

Monitor

# FIRST DAY ORDER

## In force until July 16, 2020

ON READING the Applicants' *Application for the Issuance of an Initial Order and an Amended and Restated Initial Order* pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, C-36 (as amended the "**CCAA**") and the exhibits, the affidavit of Frank Zitella filed in support thereof (the "**Application**"), the consent of PricewaterhouseCoopers Inc. to act as monitor (the "**Monitor**"), relying upon the submissions of counsel and being advised that the interested parties, including secured creditors who are likely to be affected by the charges created herein were given prior notice of the presentation of the Application;

**GIVEN** the provisions of the CCAA;

**WHEREFORE, THE COURT**:

1. **GRANTS** the Application.

2. **ISSUES** an order pursuant to the CCAA (the "**Order**"), divided under the following headings:

- Service
- Application of the CCAA and Procedural Consolidation
- Effective Time
- Plan of Arrangement
- Stay of Proceedings against the Applicants and the Property
- Stay of Proceedings against the Directors and Officers
- Possession of Property and Operations
- No Exercise of Rights or Remedies
- No Interference with Rights
- Continuation of Services
- Non-Derogation of Rights
- Directors' and Officers' Indemnification and Charge
- Restructuring
- Powers of the Monitor
- Gift Cards and Loyalty Program
- Priorities and General Provisions Relating to CCAA Charges
- Center of Main Interest
- General

**Service**

3.    **DECLARES** that sufficient prior notice of the presentation of this Application has been given by the Applicants to interested parties, including the secured creditors who are likely to be affected by the charges created herein.

**Application of the CCAA and Procedural Consolidation**

4.    **DECLARES** that the Applicants are each a debtor company to which the CCAA applies.

5.    **ORDERS** the consolidation of these CCAA proceedings in respect of the Applicants and ORDERS that such consolidation shall be for administrative purposes only and shall not effect a consolidation of the assets and property of each of the Applicants including, without limitation, for the purposes of any Plan (as defined below) that may be thereafter proposed.

**Effective time**

6.    **DECLARES** that this Order and all of its provisions are effective as of 12:01 a.m. Montreal time, province of Quebec, on the date of this Order (the "**Effective Time**").

**Plan of Arrangement**

7.    **DECLARES** that the Applicants shall have the authority to file with this Court and to submit to their creditors one or more plans of compromise or arrangement (collectively, the "**Plan**") in accordance with the CCAA.

**Stay of Proceedings against the Applicants and the Property**

8.    **ORDERS** that, until and including July 17, 2020 inclusively, or such later date as the Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**") shall be commenced

- 4 -

or continued against or in respect of the Applicants, or affecting the Applicants' business operations and activities (the "**Business**") or the Property (as defined herein below), including as provided in paragraph 10 hereinbelow except with leave of this Court.  Any and all Proceedings currently under way against or in respect of the Applicants or affecting the Business or the Property are hereby stayed and suspended pending further order of this Court, the whole subject to subsection 11.1 CCAA.

7.1   The rights of Her Majesty in right of Canada and Her Majesty in right of a Province are suspended in accordance with the terms and conditions of Subsection 11.09 CCAA.

**Stay of Proceedings against the Directors and Officers**

9.   **ORDERS** that during the Stay Period and except as permitted under subsection 11.03(2) of the CCAA, no Proceeding may be commenced, or continued against any former, present or future director or officer of the Applicants nor against any person deemed to be a director or an officer of the Applicants under subsection 11.03(3) CCAA (each, a "**Director**", and collectively the "**Directors**") in respect of any claim against such Director which arose prior to the Effective Time and which relates to any obligation of the Applicants where it is alleged that any of  the Directors is under any law liable in such capacity for the payment of such obligation.

**Possession of Property and Operations**

10.   **ORDERS** that the Applicants shall remain in possession and control of their present and future assets, rights, undertakings and properties of every nature and kind whatsoever, and wherever situated, including all proceeds thereof (collectively the "**Property**"), the whole in accordance with the terms and conditions of this order.

**No Exercise of Rights or Remedies**

11.     **ORDERS** that during the Stay Period, and subject to, *inter alia*, subsection 11.1 CCAA, all rights and remedies of any individual, natural person, firm, corporation, partnership, limited liability company, trust, joint venture, association, organization, governmental body or agency, or any other entity (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Applicants, or affecting the Business, the Property or any part thereof, are hereby stayed and suspended except with leave of this Court.

12.     **DECLARES** that, to the extent any rights, obligations, or prescription, time or limitation periods, including, without limitation, to file grievances, relating to the Applicants or any of the Property or the Business may expire (other than pursuant to the terms of any contracts, agreements or arrangements of any nature whatsoever), the term of such rights, obligations, or prescription, time or limitation periods shall hereby be deemed to be extended by a period equal to the Stay Period.  Without limitation to the foregoing, in the event that the Applicants become bankrupt or a receiver as defined in subsection 243(2) of the *Bankruptcy and Insolvency Act* (Canada) (the "**BIA**") is appointed in respect of either of the Applicants, the period between the date of the Order and the day on which the Stay Period ends shall not be calculated in respect of the Applicants in determining the 30 day periods referred to in Sections 81.1 and 81.2 of the BIA.

**No Interference with Rights**

13.     **ORDERS** that during the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, resiliate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of  or held by the Applicants, except with the written consent of the Applicants and the Monitor, or with leave of this Court.

**Continuation of Services**

14.     **ORDERS** that during the Stay Period and subject to paragraph 15 hereof and subsection 11.01 CCAA, all Persons having verbal or written agreements with the Applicants or statutory or regulatory mandates for the supply of goods or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation, utility or other goods or services made available to the Applicants, are hereby restrained until further order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicants, and that the Applicants shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses, domain names or other services, provided in each case that the normal prices or charges for all such goods or services received after the date of the Order are paid by the Applicants, without having to provide any security deposit or any other security, in accordance with normal payment practices of the Applicants or such other practices as may be agreed upon by the supplier or service provider and the Applicants, with the consent of the Monitor, or as may be ordered by this Court.

15.     **ORDERS** that, notwithstanding anything else contained herein and subject to subsection 11.01 CCAA, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided to the Applicants on or after the date of this Order, nor shall any Person be under any obligation on or after the date of the Order to make further advance of money or otherwise extend any credit to the Applicants.

16.     **ORDERS** that, without limiting the generality of the foregoing and subject to Section 21 of the CCAA, if applicable, cash or cash equivalents placed on deposit by the Applicants with any Person during the Stay Period, whether in

an operating account or otherwise for itself or for another entity, shall not be applied by such Person in reduction or repayment of amounts owing to such Person as of the date of the Order or due on or before the expiry of the Stay Period or in satisfaction of any interest or charges accruing in respect thereof; however, this provision shall not prevent any financial institution from: (i) reimbursing itself for the amount of any cheques drawn by Applicants and properly honoured by such institution, or (ii) holding the amount of any cheques or other instruments deposited into the Applicants's account until those cheques or other instruments have been honoured by the financial institution on which they have been drawn.

**Non-Derogation of Rights**

17.    **ORDERS** that, notwithstanding the foregoing, any Person who provided any kind of letter of credit, guarantee or bond (the "**Issuing Party**") at the request of the Applicants shall be required to continue honouring any and all such letters, guarantees and bonds, issued on or before the date of the Order, provided that all conditions under such letters, guarantees and bonds are met save and except for defaults resulting from this Order; however, the Issuing Party shall be entitled, where applicable, to retain the bills of lading or shipping or other documents relating thereto until paid.

**Directors' and Officers' Indemnification and Charge**

18.    **ORDERS** that the Applicants shall indemnify its Directors from all claims relating to any obligations or liabilities they may incur and which have accrued by reason of or in relation to their respective capacities as directors or officers of the Applicants after the Effective Time, except where such obligations or liabilities were incurred as a result of such directors' or officers' gross neglicence, wilful misconduct or gross or intentional fault as further detailed in Section 11.51 CCAA.

19.    **ORDERS** that the Directors of the Applicants shall be entitled to the benefit of and are hereby granted a charge and security in the Property to the extent of the aggregate amount of $500,000 (the "**Directors' Charge**"), as security for the indemnity provided in paragraph 18 of this Order as it relates to obligations and liabilities that the Directors may incur in such capacity after the Effective Time.  The Directors' Charge shall, have the priority established by paragraphs 34 and 35 hereof.

20.    ORDERS that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Directors shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts for which the Directors are entitled to be indemnified in accordance with paragraph 18 of this Order.

**Restructuring**

21.    **DECLARES** that, to facilitate the orderly restructuring of its business and financial affairs (the "**Restructuring**") but subject to such requirements as are imposed by the CCAA, the Applicants shall have the right, subject to approval of the Monitor or further order of the Court, to:

(a)    permanently or temporarily cease, downsize or shut down any of its operations or locations as it deems appropriate and make provision for the consequences thereof in the Plan;

(b)    terminate the employment of such of its employees or temporarily or permanently lay off such of its employees as it deems appropriate and, to the extent any amounts in lieu of notice, termination or severance pay or other amounts in respect thereof are not paid in the ordinary course, make provision, on such terms as may be agreed upon

between the Applicants and such employee, or failing such agreement, make provision to deal with, any consequences thereof in the Plan, as the Applicants may determine; and

(c)     subject to the provisions of section 32 CCAA, disclaim or resiliate, any of its agreements, contracts or arrangements of any nature whatsoever, with such disclaimers or resiliation to be on such terms as may be agreed between the Applicants and the relevant party, or failing such agreement, to make provision for the consequences thereof in the Plan;

22.     **DECLARES** that, if a notice of disclaimer or resiliation is given to a landlord of the Applicants pursuant to section 32 of the CCAA and subsection 21(c) of this Order, then (a) during the notice period prior to the effective time of the disclaimer or resiliation, the landlord may show the affected leased premises to prospective tenants during normal business hours by giving the Applicants and the Monitor 24 hours prior written notice and (b) at the effective time of the disclaimer or resiliation, the landlord shall be entitled to take possession of any such leased premises and re-lease any such leased premises to third parties on such terms as any such landlord may determine without waiver of, or prejudice to, any claims or rights of the landlord against the Applicants, provided nothing herein shall relieve such landlord of its obligation to mitigate any damages claimed in connection therewith.

23.     **ORDERS** that the Applicants shall provide to any relevant landlord notice of the Applicants's intention to remove any fittings, fixtures, installations or leasehold improvements at least seven (7) days in advance. If the Applicants have already vacated the leased premises, they shall not be considered to be in occupation of such location pending the resolution of any dispute between the Applicants and the landlord.

24.  **DECLARES** that, in order to facilitate the Restructuring, the Applicants may, subject to the approval of the Monitor, or further order of the Court, settle claims of customers and suppliers that are in dispute.

25.  **DECLARES** that, pursuant to sub-paragraph 7(3)(c) of the *Personal Information Protection and Electronic Documents Act*, S.C. 2000, c.5, the Applicants are permitted, in the course of these proceedings, to disclose personal information of identifiable individuals in its possession or control to stakeholders or prospective investors, financiers, buyers or strategic partners and to its advisers (individually, a "**Third Party**"), but only to the extent desirable or required to negotiate and complete the Restructuring or the preparation and implementation of the Plan or a transaction for that purpose, provided that the Persons to whom such personal information is disclosed enter into confidentiality agreements with the Applicants binding them to maintain and protect the privacy of such information and to limit the use of such information to the extent necessary to complete the transaction or Restructuring then under negotiation. Upon the completion of the use of personal information for the limited purpose set out herein, the personal information shall be returned to the Applicants or destroyed. In the event that a Third Party acquires personal information as part of the Restructuring or the preparation or implementation of the Plan or a transaction in furtherance thereof, such Third Party may continue to use the personal information in a manner which is in all respects identical to the prior use thereof by the Applicants.

**Powers of the Monitor**

26.  **ORDERS** that PricewaterhouseCoopers Inc. is hereby appointed to monitor the business and financial affairs of the Applicants as an officer of this Court (the "**Monitor**") and that the Monitor, in addition to the prescribed powers and obligations, referred to in Section 23 of the CCAA:

(a)     shall, without delay, (i) publish once a week for two (2) consecutive weeks, in Le Devoir and the Globe & Mail and (ii) within five (5) business days after the date of this Order (A) post on the Monitor's website (the "**Website**") a notice containing the information prescribed under the CCAA, (B) make this Order publicly available in the manner prescribed under the CCAA, (C) send, in the prescribed manner, a notice to all known creditors having a claim against the Applicants of more than $1,000, advising them that the Order is publicly available, and (D) prepare a list showing the names and addresses of such creditors and the estimated amounts of their respective claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder;

(b)     shall monitor the Applicants' receipts and disbursements;

(c)     shall assist the Applicants, to the extent required by the Applicants, in dealing with their creditors and other interested Persons during the Stay Period;

(d)     shall assist the Applicants, to the extent required by the Applicants, with the preparation of its cash flow projections and any other projections or reports and the development, negotiation and implementation of the Plan;

(e)     shall advise and assist the Applicants, to the extent required by the Applicants, to review the Applicants's business and assess opportunities for cost reduction, revenue enhancement and operating efficiencies;

(f)     shall assist the Applicants, to the extent required by the Applicants, with the Restructuring and in its negotiations with its creditors and

other interested Persons and with the holding and administering of any meetings held to consider the Plan;

(g)     shall report to the Court on the state of the business and financial affairs of the Applicants or developments in these proceedings or any related proceedings within the time limits set forth in the CCAA and at such time as considered appropriate by the Monitor or as the Court may order;

(h)     shall report to this Court and interested parties, including but not limited to creditors affected by the Plan, with respect to the Monitor's assessment of, and recommendations with respect to, the Plan;

(i)     may retain and employ such agents, advisers and other assistants as are reasonably necessary for the purpose of carrying out the terms of the Order, including, without limitation, one or more entities related to or affiliated with the Monitor;

(j)     may engage legal counsel to the extent the Monitor considers necessary in connection with the exercise of its powers or the discharge of its obligations in these proceedings and any related proceeding, under the Order or under the CCAA;

(k)     may act as a "foreign representative" of the Applicants or in any other similar capacity in any insolvency, bankruptcy or reorganisation proceedings outside of Canada;

(l)     may give any consent or approval as may be contemplated by the Order or the CCAA;

(m)     may perform such other duties as are required by the Order or the CCAA or by this Court from time to time; and

(n)     may file a motion pursuant to section 243 of the BIA seeking its appointment as receiver to DAVIDsTEA Inc. (in such capacity, the "**Receiver**" and the proceedings thereunder, the "**Receivership Proceedings**") for the sole purpose of allowing the employees of DAVIDsTEA Inc. to benefit from those payments provided under the *Wage Earner Protection Program Act* (SC 2005, c. 47, s.1);

Unless expressly authorized to do so by this Court, the Monitor shall not otherwise interfere with the business and financial affairs carried on by the Applicants, and the Monitor is not empowered to take possession of the Property nor to manage any of the business and financial affairs of the Applicants.

27.   **ORDERS** that the Applicants and their Directors, officers, employees and agents, accountants, auditors and all other Persons having notice of the Order shall forthwith provide the Monitor with unrestricted access to all of the Business and Property, including, without limitation, the premises, books, records, data, including data in electronic form, and all other documents of the Applicants in connection with the Monitor's duties and responsibilities hereunder.

28.   **DECLARES** that the Monitor may provide creditors and other relevant stakeholders of the Applicants with information in response to requests made by them in writing addressed to the Monitor and copied to the Applicants' counsel. In the case of information that the Monitor has been advised by the Applicants is confidential, proprietary or competitive, the Monitor shall not provide such information to any Person without the consent of the Applicants unless otherwise directed by this Court.

29.   **DECLARES** that if the Monitor, in its capacity as Monitor, carries on the business of the Applicants or continues the employment of the Applicants' employees, the Monitor shall benefit from the provisions of section 11.8 of the CCAA.

30.    **DECLARES** that no action or other proceedings shall be commenced against the Monitor relating to its appointment, its conduct as Monitor or the carrying out the provisions of any order of this Court, except with prior leave of this Court, on at least seven days notice to the Monitor and its counsel. The entities related to or affiliated with the Monitor referred to in subparagraph 34(i) hereof shall also be entitled to the protection, benefits and privileges afforded to the Monitor pursuant to this paragraph.

31.    **ORDERS** that the Applicants shall pay the reasonable fees and disbursements of the Monitor, the Monitor's legal counsel, the Receiver, the Receiver's legal counsel, the Applicants's legal counsel and other advisers (the "**Professionals**"), directly related to these proceedings, the proceedings to be initiated by the Foreign Representative (as defined below) under Chapter 15 of Title 11 of the United States Code (the "**Chapter 15 Proceedings**"), the Receivership Proceedings, the Plan and the Restructuring, whether incurred before or after the Order, and shall provide each with a reasonable retainer in advance on account of such fees and disbursements, if so requested.

32.    **DECLARES** that the Professionals, as security for the professional fees and disbursements incurred both before and after the making of this Order and directly related to these proceedings, the Chapter 15 Proceedings, the Receivership Proceedings, the Plan and the Restructuring, be entitled to the benefit of and are hereby granted a charge and security in the Property to the extent of the aggregate amount of $500,000 (the "**Administration Charge**"), having the priority established by paragraphs 34 and 35 hereof.

**Gift Cards and Loyalty Program**

33.    **AUTHORIZES**, notwithstanding anything to the contrary in this Order, the Applicants to continue to honour or comply with any customer deposits, pre-payments, gift cards, the loyalty program and any similar programs offered by the Applicants.

**Priorities and General Provisions Relating to CCAA Charges**

34.    **DECLARES** that the priorities of the Administration Charge and the Directors' Charge (collectively, the "**CCAA Charges**"), as between them with respect to any Property to which they apply, shall be as follows:

      (a) first, the Administration Charge; and

      (b) second, the Directors' Charge.

35.    **DECLARES** that each of the CCAA Charges shall rank in priority to any and all other hypothecs, mortgages, liens, security interests, priorities, charges, encumbrances or security of whatever nature or kind (collectively, the "**Encumbrances**") affecting the Property charged by such Encumbrances

36.    **ORDERS** that, except as otherwise expressly provided for herein, the Applicants shall not grant any Encumbrances in or against any Property that rank in priority to, or *pari passu* with, any of the CCAA Charges unless the Applicants obtain the prior written consent of the Monitor and the prior approval of the Court.

37.    **DECLARES** that each of the CCAA Charges shall attach, as of the Effective Time, to all present and future Property of the Applicants, notwithstanding any requirement for the consent of any party to any such charge or to comply with any condition precedent.

38.    **DECLARES** that the CCAA Charges and the rights and remedies of the beneficiaries of such Charges, as applicable, shall be valid and enforceable and shall not otherwise be limited or impaired in any way by: (i) these proceedings and the declaration of insolvency made herein; (ii) any Application for a receiving order filed pursuant to the BIA in respect of the Applicants or any receiving order made pursuant to any such Application or any assignment in bankruptcy made or deemed to be made in respect of the Applicants; or (iii) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in

any agreement, lease, sub-lease, offer to lease or other arrangement which binds the Applicants (a "**Third Party Agreement**"), and notwithstanding any provision to the contrary in any Third Party Agreement:

(a)    the creation of any of the CCAA Charges shall not create or be deemed to constitute a breach by the Applicants of any Third Party Agreement to which they are a party; and

(b)    any of the beneficiaries of the CCAA Charges shall not have liability to any Person whatsoever as a result of any breach of any Third Party Agreement caused by or resulting from the creation of the CCAA Charges.

41.    **DECLARES** that notwithstanding: (i) these proceedings and any declaration of insolvency made herein, (ii) any Application for a receiving order filed pursuant to the BIA in respect of the Applicants and any receiving order allowing such Application or any assignment in bankruptcy made or deemed to be made in respect of the Applicants, and (iii) the provisions of any federal or provincial statute, the payments or disposition of Property made by the Applicants pursuant to the Order and the granting of the CCAA Charges, do not and will not constitute settlements, fraudulent preferences, fraudulent conveyances or other challengeable or reviewable transactions or conduct meriting an oppression remedy under any applicable law.

42.    **DECLARES** that the CCAA Charges shall be valid and enforceable as against all Property of the Applicants and against all Persons, including, without limitation, any trustee in bankruptcy, receiver, receiver and manager or interim receiver of the Applicants, for all purposes.

**Center of Main Interest**

43.    **DECLARES** that the Applicants' centre of main interest is located in Montreal, Quebec, Canada.

**General**

44.  **ORDERS** that no Person shall commence, proceed with or enforce any Proceedings against any of the Directors, employees, legal counsel or financial advisers of the Applicants or of the Monitor in relation to the Business or Property of the Applicants, without first obtaining leave of this Court, upon five (5) days written notice to the Applicants's counsel and to all those referred to in this paragraph whom it is proposed be named in such Proceedings.

45.  **DECLARES** that the Order and any proceeding or affidavit leading to the Order, shall not, in and of themselves, constitute a default or failure to comply by the Applicants under any statute, regulation, licence, permit, contract, permission, covenant, agreement, undertaking or other written document or requirement.

46.  **DECLARES** that, except as otherwise specified herein, the Applicants and the Monitor are at liberty to serve any notice, proof of claim form, proxy, circular or other document in connection with these proceedings by forwarding copies by prepaid ordinary mail, courier, personal delivery or electronic transmission to Persons or other appropriate parties at their respective given addresses as last shown on the records of the Applicants and that any such service shall be deemed to be received on the date of delivery if by personal delivery or electronic transmission, on the following business day if delivered by courier, or three business days after mailing if by ordinary mail.

47.  **DECLARES** that the Applicants and any party to these proceedings may serve any court materials in these proceedings on all represented parties electronically, by emailing a PDF or other electronic copy of such materials to counsels' email addresses, provided that the Applicants shall deliver "hard copies" of such materials upon request to any party as soon as practicable thereafter.

48.   **ORDERS** that Exhibit R-5 filed in support of the Application as well as Appendix A and Appendix B to the Pre-Filing Report of the Monitor (Exhibit R-7) be kept confidential and under seal until further order of this Court.

49.   **DECLARES** that, unless otherwise provided herein, under the CCAA, or ordered by this Court, no document, order or other material need be served on any Person in respect of these proceedings, unless such Person has served a Notice of Appearance on the solicitors for the Applicants and the Monitor and has filed such notice with this Court, or appears on the service list prepared by the monitor or its attorneys, save and except when an order is sought against a Person not previously involved in these proceedings.

50.   **DECLARES** that the Applicants or the Monitor may, from time to time, apply to this Court for directions concerning the exercise of their respective powers, duties and rights hereunder or in respect of the proper execution of the Order on notice only to each other.

51.   **DECLARES** that any interested Person may apply to this Court to vary or rescind the Order or seek other relief upon five (5) days notice to the Applicants, the Monitor and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order, such application or motion shall be filed during the Stay Period ordered by this Order, unless otherwise ordered by this Court.

52.   **DECLARES** that the Order and all other orders in these proceedings shall have full force and effect in all provinces and territories in Canada.

53.   **DECLARES** that the Monitor, with the prior consent of the Applicants, shall be authorized to apply as it may consider necessary or desirable, with or without notice, to any other court or administrative body, whether in Canada, the United States of America or elsewhere, for orders which aid and complement the Order and any subsequent orders of this Court and, without limitation to the foregoing, an order under Chapter 15 of title 11 of the United States Code, for

which the Monitor shall be the foreign representative of the Applicants. All courts and administrative bodies of all such jurisdictions are hereby respectively requested to make such orders and to provide such assistance to the Monitor as may be deemed necessary or appropriate for that purpose.

54.   **REQUESTS** the aid and recognition of any Court or administrative body in any Province of Canada and any Canadian federal court or administrative body and any federal or state court or administrative body in the United States of America and any court or administrative body elsewhere, to act in aid of and to be complementary to this Court in carrying out the terms of the Order.

55.   **ORDERS** the provisional execution of the Order notwithstanding any appeal.

July 8, 2020

_____

Honourable Chantal Corriveau, j.s.c.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 15 |
| | ) | |
| DAVIDsTEA INC., | ) | Case No. 20-_____ (__) |
| | ) | |
| Foreign Debtor in Foreign Proceeding. | ) | Joint Administration Requested |
| _____ | | |
| In Re: | ) | Chapter 15 |
| | ) | |
| DAVIDsTEA (USA) INC., | ) | Case No. 20-_____ (__) |
| | ) | |
| Foreign Debtor in Foreign Proceeding. | ) | Joint Administration Requested |
| _____ | | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1**

PricewaterhouseCoopers Inc. is the court-appointed monitor (the "**Monitor**") and authorized foreign representative of DAVIDsTEA Inc. and DAVIDsTEA (USA) Inc. in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Superior Court of Quebec (Commercial Division).

The Monitor hereby files this Corporate Ownership Statement pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rule of Bankruptcy Procedure and states that the following entities own 10% or more of any class of the corporation's equity interests as set forth below:

DAVIDsTEA (USA) Inc. is a wholly-owned subsidiary of DAVIDsTEA Inc.

The following are the entities owning 10% or more of DAVIDsTEA Inc.:

| Entity | Common |
|---|---|
| Rainy Day Investments Ltd. | 46% |

Dated:  Wilmington, Delaware
        July 8, 2020

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Mary F. Caloway (No. 3059)
James D. Newell (PA No. 51337)
Mark Pfeiffer (PA No. 76245)
Tyler Dischinger (PA No. 314299)
919 North Market Street, Suite 990
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
james.newell@bipc.com
mark.pfeiffer@bipc.com
tyler.dischinger@bipc.com

*Attorneys to PricewaterhouseCoopers Inc. as Monitor
and Foreign Representative of the Foreign Debtors*

| | | |
|---|---|---|
| In Re: | ) | Chapter 15 |
| | ) | |
| DAVIDsTEA INC., | ) | Case No. 20-_____ (__) |
| | ) | |
| Foreign Debtor in Foreign Proceeding. | ) | Joint Administration Requested |
| _____ | | |
| In Re: | ) | Chapter 15 |
| | ) | |
| DAVIDsTEA (USA) INC., | ) | Case No. 20-_____ (__) |
| | ) | |
| Foreign Debtor in Foreign Proceeding. | ) | Joint Administration Requested |
| _____ | | |

## <u>LIST FILED PURSUANT TO BANKRUPTCY RULE 1007(a)(4)(B)</u>

PricewaterhouseCoopers Inc. is the court-appointed monitor (the "**Monitor**") and authorized foreign representative of DAVIDsTEA Inc. and DAVIDsTEA (USA) Inc. (collectively, the "**Foreign Debtors**") in proceedings (the "**Canadian Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Superior Court of Quebec (Commercial Division) (the "**Quebec Court**"). The Monitor files this list pursuant to Rule 1007(a)(4)(B) of the Federal Rules of Bankruptcy Procedure and states as follows:

**1.     Names and addresses of all persons or bodies authorized to administer foreign proceedings of the Foreign Debtors.**

The Monitor is the only foreign representative appointed by the Quebec Court in the Canadian Proceedings.  The Monitor believes that, other than the Canadian Proceeding, there are no foreign proceedings pending with respect to the Foreign Debtors. The Monitor's address is:

> 1250 Rene Levesque Boulevard West
> Suite 2500
> Montreal, Quebec
> H3B 4Y1
> Attn: Claudio Filippone

**2.     All parties to litigation pending in the United States in which the Foreign Debtors are parties at the time of the filing of the petition.**

See attached Schedule 1.

3.    **Entities against whom provisional relief is being sought under 11 U.S.C. §1519.**

See attached Schedule 1 and Schedule 2.

|  | **BUCHANAN INGERSOLL & ROONEY** |
|---|---|
| Dated: Wilmington, Delaware<br>July 8, 2020 | By: /s/ Mary F. Calwoway |

Mary F. Caloway (No. 3059)
James D. Newell (PA No. 51337)
Mark Pfeiffer (PA No. 76245)
Tyler Dischinger (PA No. 314299)
919 North Market Street, Suite 990
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
*Attorneys for PricewaterhouseCoopers Inc., as Monitor and foreign representative of the Foreign Debtors*

SCHEDULE 1
TO RULE 1007(a)(4)(B) LIST
(LITIGATION PARTIES)

NYC Department of Finance
59 Maiden Lane
New York, NY  10038

Perla Mageno
c/o Joseph R. Manning, Jr., Esq.
Manning Law, APC
20062 SW Birch Street, Suite 200
Newport Beach, CA 92660-8860
Fax: (866) 843-8308
Phone: (949) 200-8755

Ellen Crumley
c/o Steven M. Rubin, Esq.
The Rubin Law Corporation
1875 Century Park East, Suite 1230
Los Angeles, CA 90067
Fax: (310) 288-0207
Phone: (310) 385-0777

Abercrombie Fitch
c/o Haynes Studnicka Kahan
200 W Adams #2175
Chicago, IL 60606
(312) 332-6644

Hollister Co
c/o Haynes Studnicka Kahan
200 W Adams #2175
Chicago, IL 60606
(312) 332-6644

Whitney R. Leeman, Ph.D
c/o Clifford A. Chanler
The Chanler Group
2560 Ninth Street
Parker Plaza, Suite 214
Berkeley, CA 94710-2565
510-848-8880

Anhing Corporation
c/o James Robert Maxwell
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104
415-956-2828

Bed Bath & Beyond, Inc.
c/o Marcy Jill Bergman
Bryan Cave LLP
Three Embarcadero Center
7th Floor
San Francisco, CA 94111-4070
415-675-3400

C & S Wholesale Grocers, Inc.
c/o Edward Patrick Sangster
K&L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8200

Cost Plus, Inc.
c/o Marcy Jill Bergman
Bryan Cave LLP
Three Embarcadero Center
7th Floor
San Francisco, CA 94111-4070
415-675-3400

CTC Food International, Inc.,
Doing Business as Asian Food Grocer
c/o Charles Albert McPhee
McPhee & McPhee
1300 Clay Street, Suite 600
Oakland, CA 94612
510-567-0500

Family Foods International, Inc.
c/o James Robert Maxwell
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104
415-956-2828

Frontier Co-Op
c/o Margaret Carew Toledo
Peg Carew Toledo Law Corporation
3001 Douglas Blvd.
Suite 340
Roseville, CA 95661-3853
916-791-0715

Granum Incorporated.
c/o Anthony J. Cortez
Greenberg Traurig, LLP
1201 K Street Suite 1100
Sacramento, CA 95814
916-442-1111

Harris Tea Company LLC
344 New Albany Rd
Moorestown, New Jersey, 08057-1190

Hocean Inc.
c/o Margaret Carew Toledo
Peg Carew Toledo Law Corporation
3001 Douglas Blvd
Suite 340
Roseville, CA 95661-3853
916-791-0715

Hsin Tung Yang Foods Company
c/o Julia Graeser
Barg Coffin Lewis & Trapp & Trapp, LLP
350 California St., 22nd Floor
San Francisco, CA 94104
415-228-5400

International Coffee & Tea, LLC
c/o Michelle Beigel Corash
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105-2482
415-268-7000

International Tea Importers Incorporated
c/o James Robert Maxwell
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104
415-956-2828

JFC International, INC.
c/o James Robert Maxwell
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104
415-956-2828

Kim-Seng Company
6121 Randolph St
Commerce, California, 90040-3513

L.A. Lucky Import Export, Inc.
c/o Eugene Kim
Nano Law Group
595 Lincoln Avenue
Pasadena, CA 91103
626-389-5001

Numi, Inc.
c/o Howard A. Slavitt
Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Ste 3000
San Francisco, CA 94104
415-391-4800

Peerless Coffee Company, Inc.
c/o James A. Geocaris
Lewis Brisbois Bisgaard & Smith LLP
333 Bush St., Suite 1100
San Francisco, CA 94104
415-362-2580

Prince of Peace Enterprises, Inc.
c/o Malcolm D. Schick
G&P - Schick
A Professional Corporation
99 Almaden Blvd., Ste 740
San Jose, CA 95113
408-995-5050

Quoc Viet Foods
1967 N Glassell St
Orange, California, 92865-4320

R.C. Bigelow, Inc.
c/o Trenton H. Norris
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 941114024

Rainbow Acres
c/o Anthony J. Cortez
Greenberg Traurig, LLP
1201 K Street Suite 1100
Sacramento, CA  95814
916-442-1111

Rockman Company (U.S.A.), Inc.
c/o Margaret Carew Toledo
Peg Carew Toledo Law Corporation
3001 Douglas Blvd
Suite 340
Roseville, CA 95661-3853
916-791-0715

Samuel & Company
5141 N 40Th St Ste 500
Phoenix, Arizona, 85018-2168

Savemart Supermarkets
c/o Anthony J. Cortez
Greenberg Traurig, LLP
1201 K Street Suite 1100
Sacramento, CA 95814
916-442-1111

Starbucks Corporation
c/o Michele Beigel Corash
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 941052482
415-268-7000

Starway Inc.
c/o Margaret Carew Toledo
Peg Carew Toldeo Law Corporation
3001 Douglas Blvd
Suite 340
Roseville, CA  95661-3853
916-791-0715

Tawa Supermarket, Inc.
c/o Roseann C. Stevenson
Attorney at Law
1105 Oleander Way
Simi Valley, CA 93065
805-210-2438

Teance Fine Teas
c/o Joseph J. Erhlich
Losch & Erhlich-Attorneys at Law
425 California Street
Suite 2025
San Francisco, CA 94104
415-956-8400

Teavana Corporation
c/o Michele Beigel Corash
Morrison & Foerster LLP
425 Market St.
San Francisco, CA  94105-2482
415-268-7000

Ten Ren Tea Co. of San Francisco, Ltd.
c/o Anthony J. Cortez
Greenberg Traurig, LLP
1201 K Street Suite 1100
Sacramento, CA  95814
916-442-1111

The Art of Tea LLC
748 Monterey Pass Rd
Monterey Park, California, 91754-3607

The Hain Celestial Group, Inc.
c/o Trenton H. Norris
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024

Twinings North America, Inc.
777 Passaic Ave
Clifton, New Jersey, 07012-1884

Uncle Lee's Tea Inc.
c/o Anthony J. Cortez
Greenberg Traurig, LLP
1201 K Street Suite 1100
Sacramento, CA  95814
916-442-1111

Upton Tea Imports, LLC
c/o Brenda K. Radmacher
Gordon & Rees LLP
633 West 5th Street
52nd Floor
Los Angeles, CA 90071

-and-

c/o Brenda K. Radmacher
Wood, Smith, Henning & Berman LLP
505 North Brand Blvd
Ste 1100
Glendale, CA 91203
818-551-6000

Walong Marketing, Inc.
c/o Roseann C. Stevenson
Attorney at Law
1105 Oleander Way
Simi Valley, CA 93065
805-210-2438

Wei-Chuan U.S.A., Inc.
c/o Margaret Carew Toledo
Peg Carew Toledo Law Corporation
3001 Douglas Blvd
Suite 340
Roseville, CA 95661-3853
916-791-0715

Williams-Sonoma, Inc.
c/o James Robert Maxwell
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104
415-956-2828

Winneram International, Inc.
c/o James Robert Maxwell
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104
415-956-2828

Yamamoto of Orient, Inc.
c/o James Robert Maxwell
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104
415-956-2828

 Xavier Becerra
c/o Harrison M. Pollak
Deputy Attorney General
1515 Clay Street, 20th Flr
P.O. Box 70550
Oakland, CA 94612
510-622-2183

Whitney R. Leeman, Ph.D
The Chanler Group
2560 Ninth Street
Parker Plaza, Suite 214
Berkeley, CA 947102565
510-848-8880

Starbucks Corporation
c/o Anthony J. Cortez
Greenberg Traurig, LLP
1201 K Street Suite 1100
Sacramento, CA  95814
916-442-1111

Granum Incorporated
c/o Anthony J. Cortez
Greenberg Traurig, LLP
1201 K Street Suite 1100
Sacramento, CA  95814
916-442-1111

Commissioner of Labor
State of New York
Albany, NY 12240

## SCHEDULE 2
## TO RULE 1007(a)(4)(B) LIST
## (ADDITIONAL PROVISIONAL RELIEF PARTIES-LANDLORDS)

| Landlord | C/O | Landlord Address | City | State | ZIP |
|---|---|---|---|---|---|
| 275 BLEEKER CORP | Mark Perlgut | 255 West 90th Street | New York | New York | 10024 |
| 275 BLEEKER CORP | Troutman Sanders LLP | 405 Lexington Avenue | New York | New York | 10174 |
| JEM 6 REALTY LLC | N/A | 1124 Third Avenue | New York | New York | 10065 |
| JEM 6 REALTY LLC | Belkin Burden Wenig & Goldman LLP | 1124 Third Avenue | New York | New York | 10065 |
| 1400 BURLINGAME, LP | N/A | 334 Brannan Street | San Francisco | California | 94107 |
| 1645 DAMEN AVE LLC. | Janel Management Corp | 274 Madison Avenue, Suite 702 | New York | New York | 10016 |
| MDN DEVELOPMENT, INC. | N/A | 1241 R.F.D. | Long Grove | Illinois | 60047 |
| MDN DEVELOPMENT, INC. | N/A | 14 Bridlewood Rd., Ste 200 | Northbrook | Illinois | 60062 |
| FRANCMEN REALTY INC. | Francman Reaty LLC | 688 Avenue of the Americas | New York | New York | 10010 |
| FRANCMEN REALTY INC. | Markman Law PC | 55 East 59th Street, Suite 1700 | New York | New York | 10022 |
| EMPORIUM MALL LLC | N/A | 11601 Wilshire Boulevard, 11th floor | Los Angeles | California | 90025 |
| OASIS TEN MILK STREET LLC | Wight & Company Incorporated | 10 Cedar Street | Woburn | Massachusetts | 01801 |
| CHESTNUT HILL SHOPPING CENTER LLC | W/S Development Associates LLC | 1330 Boylston Street | Chestnut Hill | Massachusetts | 02467 |
| CHESTNUT HILL SHOPPING CENTER LLC | Goulston &Storrs, P.C. | 400 Atlantic Avenu | Boston | Massachusetts | 02110-3333 |
| SHOPPING CENTER ASSOCIATES | M.S. Management Associates Inc. | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| THE RETAIL PROPERTY TRUST | M.S. Management Associates Inc. | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| MILLENNIUM PARK LIVING INC. | N/A | 324 W. Touhy Ave | Park Ridge | Illinois | 60068 |
| MILLENNIUM PARK LIVING INC. | N/A | 155 North Michigan Avenue, Suite 9003 | Chicago | Illinois | 60601 |
| LFP HOLDINGS, LLC | BBM Incorporated & Naperville Chamber | 55 S. Main Street, Suite 351 | Naperville | Illinois | 60540 |
| LFP HOLDINGS, LLC | N/A | 361 Park Avenue, Suite 200 | Glencoe | Illinois | 60022 |
| NATICK MALL LLC. | Natick Mall | 110 N. Wacker Dr. | Chicago | Illinois | 60606 |
| NATICK MALL LLC. | Natick Mall | 1245 Worcester St., Suite 1218 | Natick | Massachusetts | 01760 |
| SUNVALLEY SHOPPING CENTER LLC | N/A | P.O. Box 67000 | Detroit | Michigan | 48267-0579 |
| WEST FARMS MALL LLC | N/A | P.O. Box 67000 | Detroit | Michigan | 48267-0555 |
| KING OF PRUSSIA ASSOCIATES | Kravco Simon Company | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| SDG FASHION MALL LIMITED PARTNERSHIP | M.S. Management Associates Inc. | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| DEL AMO FASHION BENTER OPERATING COMPANY | M.S. Management Associates Inc. | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| W/S/M HINGHAM PROPERTIES LLC | WS Asset Managmenet Inc. | 33 Boylston Street, Suite 3000 | Chestnut Hill | Massachusetts | 02467 |
| W/S/M HINGHAM PROPERTIES LLC | Goulston &Storrs, P.C. | 400 Atlantic Avenue | Boston | Massachusetts | 02110-3333 |
| WEST VALLEY OWNER LLC | N/A | 2049 Century Park East, 41st floor | Los Angeles | California | 90067 |
| WEST VALLEY OWNER LLC | N/A | 6100 Topanga Canyon Blvd | Woodland Hills | California | 91367 |
| MOAC MALL HOLDINGS LLC. | N/A | 60 East Broadway | Bloomington | Minnesota | 55425-5550 |
| OAKRIDGE MALL LLC | N/A | 2049 Century Park East, 41st floor | Los Angeles | California | 90067 |
| OAKRIDGE MALL LLC | N/A | 925 Blossom Hill Road, Suite 2005 | San Jose | California | 95123-1294 |
| WATER TOWER LLC | Water Tower Place | 110 N. Wacker Dr. | Chicago | Illinois | 60606 |
| WATER TOWER LLC | Water Tower Place | 845 N. Michigan Ave, Suite 987W | Chicago | Illinois | 60611 |
| HAROLD A. READ TRUST | N/A | 21 Crosby Road | Berlin | Massachusetts | 01503 |
| HAROLD A. READ TRUST | N/A | Church Street | Burlington | Vermont | 05402-0069 |
| LIBERTY CENTER LLC. | Steiner Real Estate Services LLC | 4016 Townsfair Way, Suite 201 | Columbus | Ohio | 43219 |
| EKLECCO NEWCO LLC | N/A | Four Clinton Square | Syracuse | New York | 13202-1078 |
| Brickell City Centre Retail, LLC | N/A | Suite 802, 799 Brickell Plaza | Miami | Florida | 33131 |
| Brickell City Centre Retail, LLC | N/A | Suite 802, 799 Brickell Plaza | Miami | Florida | 33131 |
| Brickell City Centre Retail, LLC | N/A | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| Brickell City Centre Retail, LLC | N/A | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| Macerich Niagara LLC | N/A | 1900 Military Road, Management Office | Niagara Falls | New York | 14304-1737 |
| Macerich Niagara LLC | Macerich | Suite 700, P.O. Box 2172, 401 Wilshire Boulevard | Santa Monica | California | 90407 |
| Freemall Associates, LLC | N/A | Suite 1000, 3710 Route 9 | Freehold | New Jersey | 07728-4895 |
| Freemall Associates, LLC | Macerich | Suite 700, P.O. Box 2172, 401 Wilshire Boulevard | Santa Monica | California | 90407 |
| Alderwood Mall L.L.C. | Alderwood Mall | 110 N. Wacker Drive | Chicago | Illinois | 60606 |
| Alderwood Mall L.L.C. | N/A | Room 127, 3000 184th Street S.W. | Lynnwood | Washington | 98037 |
| Mayhaw, LLC | NCP Management | P.O. Box 590179 | Newton | Massachusetts | 02459 |
| Market Street Retail South LLC | WS Asset Management, Inc. | Suite 3000, 33 Boylston Street | Chestnut Hill | Massachusetts | 02467 |
| Market Street Retail South LLC | Goulston & Storrs, P.C. | 400 Atlantic Avenue | Boston | Massachusetts | 02110-3333 |
| Montgomery Mall Owner LLC | N/A | 41st Floor, 2049 Century Park East | Los Angeles | California | 90067 |
| Simon/Chelsea Chicago Development, LLC | N/A | 225 West Washington Street | Indianapolis | Indiana | 46208-3438 |
| Culver City Mall LLC | N/A | 41st Floor, 2049 Century Park East | Los Angeles | California | 90067 |
| Evergreen Walk Lifestyle Center, LLC | Poag Shopping Centers, LLC | Suite 2200, 2650 Thousand Oaks Boulevard | Memphis | Tennessee | 38118 |
| Evergreen Walk Lifestyle Center, LLC | The Prudential Insurance Company of An | 7 Giralda Farms | Madison | New Jersey | 07940 |
| Premium Outlet Partners, L.P. | Premium Outlet Partners, L.P. | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| Simon/Clarksburg Development, LLC | Premium Outlet Partners, L.P. | 225 West Washington Street | Indianapolis | Indiana | 46204-3438 |
| Oakbrook Shopping Center, LLC | Oakbrook Center | 110 N. Wacker Drive | Chicago | Illinois | 60606 |
| Oakbrook Shopping Center, LLC | N/A | 100 Oakbrook Center | Oak Brook | Illinois | 60523 |
| Fashion Outlets of Chicago LLC | N/A | 5220 Fashion Outlets Way, Management Office | Rosemont | Illinois | 60018-4811 |
| Fashion Outlets of Chicago LLC | Macerich | P.O. Box 2172, Suite 700, 401 Wilshire Boulevard | Santa Monica | California | 90407 |
| BP Prucenter Acquisition LLC | Boston Properties Limited Partnership, Pr | Suite 1900, 800 Boylston Street | Boston | Massachusetts | 02199-8103 |
| BP Prucenter Acquisition LLC | Goulston & Storrs, P.C. | 400 Atlantic Avenue | Boston | Massachusetts | 02110-3333 |
| PFP Columbus II, LLC | N/A | Floor 20, 180 E. Broad Street | Columbus | Ohio | 43215 |
| Brookfield Corners LLC | I.M. Properties Management LLC | Suite 4025, 77 West Wacker Drive | Chicago | Illinois | 60601 |
| Brookfield Corners LLC | N/A | Suite 2200, 300 South Wacker Drive | Chicago | Illinois | 60606 |
| Easton Town Center II, LLC | Steiner Real Estate Services, LLC | Suite 201, 4016 Townsfair Way | Columbus | Ohio | 43219 |

4823-9255-0850, v. 2